**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

BRIAN KEITH WAUGH,            :
                                          :
         Plaintiff,           :
                                          :
    v.                          : Civil Action No. 09-0250 (JR)
                                          :
ANHEUSER-BUSCH INBEV, *et al.*,    :
                                          :
         Defendants.         :

<u>**MEMORANDUM**</u>

Brian Keith Waugh, plaintiff *pro se*, alleges copyright infringement and civil conspiracy claims against defendants Anheuser-Busch Companies, Inc.[1]; Nike, Inc.; American Sporting Goods Corporation; and Adidas International, Inc. He sued the same parties, except for Adidas, in 2008. 1:08-cv-01571 RMU. He voluntarily dismissed that complaint. Defendants Nike and Anheuser-Busch now move to dismiss, arguing, among other things, that Mr. Waugh's claims are time-barred. They are correct, and their motions to dismiss will be **granted**.

Mr. Waugh's complaint is difficult to follow, but it appears to allege that, in 1997, the defendants' shoe designs began infringing on one of his copyrighted sketches, and that, during this time, all the defendants engaged in a conspiracy to discriminate against him through their advertisements.

---

[1] Mr. Waugh has incorrectly named this party as "Anheuser-Busch InBev."

Mr. Waugh did not file his complaint within the three-year statute of limitations for his copyright infringement claim, 17 U.S.C. § 507(b), or the three-year statute of limitations for his conspiracy claim.  See, e.g., Zandford v. National Ass'n of Securities Dealers, Inc., 30 F. Supp. 2d 1, 21 (D.D.C. 1998).  By his own admission, Mr. Waugh was aware of the alleged infringement and conspiracy in 1997, but he did not file his complaint until eleven years later.  Mr. Waugh offers no reason why the applicable statutes of limitations should be tolled.

The motions to dismiss of Nike and Anheuser-Busch will be **granted**.  American Sporting Goods and Adidas were never served, and plaintiff's complaint will be **dismissed** as to those parties pursuant to Fed. R. Civ. P. 4(m).

An appropriate order accompanies this memorandum.


JAMES ROBERTSON
United States District Judge